DECISION AND JUDGMENT ENTRY
This accelerated case is before the court on appeal from the April 19, 2000 judgment of the Lucas County Court of Common Pleas, which granted summary judgment in favor of appellee, German Mutual Insurance Company. On appeal, appellant, James E. Neiling, asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED BY DETERMINING THAT THE NAMED DRIVER EXCLUSION ENDORSEMENTS OF POLICY NOS. HA950383 AND HA961203 CONSTITUTED EXPRESS, KNOWING REJECTIONS OF UNINSURED MOTORISTS COVERAGE BY PLAINTIFF/APPELLANT.
 "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE GERMAN MUTUAL INS. CO., BASED UPON A REJECTION OF UNINSURED MOTORISTS COVERAGE WHICH NEVER OCCURRED AND DOES NOT EXIST.
 "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE GERMAN MUTUAL INS. CO., CONTRARY TO OHIO LAW GOVERNING THE POLICIES AT ISSUE."
Neiling was negligently injured on December 12, 1997 by a fellow worker, James Smith, while they were working at W.E. Baker, Inc. Smith was operating a fork lift at the time Neiling was injured by material falling off the fork lift. The only issue raised in this appeal is Neiling's cause of action against German Mutual Insurance Company for breach of contract. Neiling's father carried two automobile policies of insurance with German Mutual Insurance Company (Nos. HA950383 and HA961203). Both policies contained uninsured/underinsured motorist coverage provisions. Neiling sought to recover under these provisions.
German Mutual Insurance Company moved for summary judgment arguing that Neiling's tort cause of action is not recognized under Ohio law because of the statutory fellow-employee doctrine; Neiling is not an insured under the policies; and a fork lift is not a "motor vehicle" under the policies. Neiling opposed the motion.
On April 19, 2000, the trial court granted the motion for summary judgment filed by German Mutual Insurance Company solely on the ground that Neiling was not an insured under the policy. The court also added the necessary Civ.R. 54(B) language to make this judgment a final order. Neiling then sought an appeal from this order.
On appeal, we review the trial court's grant of summary judgment under the same standard as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Therefore, we must determine if:
 "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" Civ.R. 56(C).
Neiling argues in his first assignment of error that the trial court erred by granting summary judgment to appellee because it erroneously found that uninsured/underinsured motorist coverage had been rejected as to Neiling. The trial court found that Neiling was insured under both policies but interpreted the endorsements to both policies as valid rejections of uninsured/ underinsured motorist coverage pursuant to R.C.3937.18(C).
The same day the two policies of insurance were issued, Neiling and his father both signed appellee's Form A501, Named Driver Exclusion Endorsement, which provided that:
 "In consideration of the continuation of this policy in force by the Company, it is hereby agreed that the Company SHALL NOT be liable for loss, damage, expenses and/or liability caused while your covered auto or any other auto to which the terms of the policy are extended is being driven or operated by the following named person: JAMES E. Neiling ."
"* * *
 "By my signature above, I hereby declare that I have read and understood the terms of this endorsement to my policy.
 "This endorsement (exclusion) is a TOTAL exclusion. There is NO coverage for the excluded driver, but it also means that the Named Insured(s) will have NO coverage for the actions of the excluded person named above.
 "This endorsement is a PERMANENT endorsement to your policy. The exclusion remains effective unless and until the Named Insured(s) specifically asks us to reconsider coverage for the excluded driver. We will NOT check with you every six months. It is your responsibility to request that we re-evaluate an excluded driver. We are NOT obligated to remove an exclusion, nor will coverage become effective UNTIL we have conducted and completed a review for the excluded driver. If we determine that the driver is eligible, we will remove the exclusion. If not, we will notify your agent that the exclusion will remain in effect and that the excluded driver will not be covered.
 "Any person named above who is excluded from coverage under this policy MUST still obtain coverage under the financial responsibility laws of the state of Ohio. If you have signed any document that you will make sure the person named and excluded above is financially responsible, you are advised to make sure that the driver above secures coverage with another insurance company. If you fail to do so, you might be found liable for damages that this driver creates. This policy will NOT protect you in such an event."
The trial court interpreted these endorsements as rejections of uninsured/underinsured motorist coverage. We disagree. Appellee's own documents indicate that rejection of such coverage is accomplished by signing Form GM-555. Rather, this endorsement was intended to exclude Neiling from liability coverage for any loss which occurred when he operated the covered automobile.
An insurer is free to provide insurance coverage of various degrees to various individuals. However, its contract of insurance must do so with clear and unambiguous language and it cannot violate statutory limitations. Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 664.
R.C. 3937.18(A) provides that:
 "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
 "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury, sickness, or disease, including death under provisions approved by the superintendent of insurance, for the protection of insureds thereunder who are legally entitled to recover from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.
 "For purposes of division (A)(1) of this section, an insured is legally entitled to recover if the insured is able to prove the elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity under Chapter 2744. of the Revised Code or a diplomatic immunity that could be raised as a defense in an action brought against the owner or operator by the insured does not affect the insured's right to recover under uninsured motorist coverage. However, any other type of statutory or common law immunity that may be a defense for the owner or operator of an uninsured motor vehicle shall also be a defense to an action brought by the insured to recover under uninsured motorist coverage.
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.)
The statute requires that an insurance company must offer to insure an individual for uninsured/underinsured losses only if it provides liability insurance coverage. Therefore, if Neiling was not a named insured, he was not entitled to an offer of uninsured/underinsured coverage. Consequently, there was no need to have a separate rejection of uninsured/underinsured coverage.
Appellant contends that Neiling was only excluded from liability coverage for losses incurred when Neiling was the driver of the insured automobile. Furthermore, he contends that he was still covered under the uninsured/underinsured coverage provisions because a separate exclusion had not been executed. He relies upon United Services Automobile Assoc.v. Gambucci (Feb. 18, 2000), Richland App. No. 99CA6, unreported (where a named driver exclusion did not prevent uninsured motorist coverage for an injured party who was injured while riding with the excluded driver because the clear language in the uninsured motorist provisions covered persons riding in a covered vehicle and a written rejection of such coverage was never executed). We find that this case is distinguishable on the fact that the injured party in that case was not the person excluded from the liability coverage. The United case is more akin toBrittain v. Progressive Preferred Ins. Co. (Nov. 2, 2000), Cuyahoga App. No. 77440, unreported (where the injured party was entitled to uninsured motorist coverage for injuries sustained while riding in a covered automobile driven by a person specifically excluded from coverage under her policy solely because she was still a covered insured and the tortfeasor was uninsured).
Here, on the other hand, the injured party was specifically excluded from liability coverage. Pursuant to R.C. 3937.18(A), appellee did not need to offer uninsured/ underinsured motorist coverage to appellant because it did not offer liability coverage to him. Therefore, any general language in the uninsured/underinsured motorist coverage provisions which would have included him was irrelevant. The exclusion overrides the general language of the policy. See, Brocious v.Progressive Ins. Co. (Aug. 12, 1999), Cuyahoga App. Nos. 74349 and 75914, unreported. Accordingly, appellant's first assignment of error is found not well-taken.
Neilings second and third assignments of error relate to issues which were presented but never decided by the trial court. Therefore, we cannot address them on appeal. Lakota Local School Dist. Bd. of Edn. v.Brickner (Jan. 19, 1996), Wood App. No. WD-95-022, unreported. Furthermore, these issue are rendered moot by our ruling as to the first assignment of error.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 ________________________________ George M. Glasser, J.
 James R. Sherck, J., Richard W. Knepper, P.J., JUDGES CONCUR.